THE PEOPLE, PLAINTIFF· AND RESPONDENT, *v.* ALVAREZ, DEFENDANT AND APPELLANT.

APPEAL from the District Court of Humacao in a Prosecution for Violation of the Internal Revenue Law.

No. 679.—Decided June 27, 1914.

The judgment appealed from is reversed on the grounds set out in the opinion delivered in the case of *The People* v. *Alvarez,* decided June 27, 1914.

The facts are stated in the opinion.
*Mr. Charles E. Foote, fiscal,* for The People.
*Mr. Adrián Agosto* for the appellant.

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of the court.

This action originated in the Municipal Court of Viequez and after a trial *de novo* on appeal to the District Court of Humacao, judgment was rendered as follows:

"On this 15th day of November, 1913, the day set for the trial of this case, The People of Porto Rico appeared by its *fiscal* and the accused appeared in person and by his attorney, Adrián Agosto. Upon being arraigned the accused pleaded not guilty. After hearing the evidence and the arguments of the parties the court finds the accused guilty of the offense of violating the Internal Revenue Law and sentences him to pay a fine of one hundred dollars, or in default thereof, to one month in jail, with the costs."

From that judgment the accused appealed to this court.

The complaint, which is entitled "*The People of Porto Rico* v. *A. Alvarez & Brothers of San Juan,*" charges Serafín Alvarez, a member of the mercantile firm of A. Alvarez & Brothers of San Juan, with having sold seventeen cases of rum of different brands and one case of aniseed cordial without having the proper wholesale license for the sale of the said liquors, thereby violating section 18 of the Excise Tax Law of Porto Rico of 1911.

To-day, June 27, we have decided appeal No. 674, which was another case appealed by Serafín Alvarez from a judgment of the District Court of Humacao rendered on the same date, November 15, 1913, convicting him also of violating the Internal Revenue Law.

The only difference between the two cases is that the present one is for the sale of seventeen cases of rum and one case of aniseed cordial and the other for the sale of two cases of wine.

The evidence was the same in both cases, the parties having agreed to introduce evidence in one case only and to submit the other for the decision of the court on the merits of the same evidence.

The errors assigned in support of the reversal of the judgments appealed from are the same in both cases, and after examining two of the said errors in case No. 674, deeming it unnecessary to examine the other assignments, we reach the conclusion that the evidence was insufficient to support the judgment appealed from.

The same findings of fact and conclusions of law set out in the opinion delivered in deciding case No. 674 are applicable to this case and in view of the reasons therein stated, which are considered reproduced here, the judgment appealed from should be reversed:

*Judgment reversed and defendant acquitted.*

Justices Wolf, del Toro, Aldrey and Hutchison concurred.